[No. 9815.   Department Two.   November 24, 1911.]

SUMNER IRON WORKS, *Respondent*, v. WINKLEMAN LUMBER COMPANY, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS. Upon a direct controversy between the evidence of the parties, both of whom are about equally corroborated, findings of the trial judge, who heard and saw the witnesses, will not be disturbed on appeal.

SALES—IDENTITY OF BUYER—EVIDENCE—SUFFICIENCY. The sale of goods to defendant corporation is sufficiently shown where the order was given by its president, who was also an officer of another corporation doing business in the same office, it made the first payment thereon by its check, the goods were charged to it, and no claim was made until suit brought that the sale was made to the other corporation whose business had been confused with that of the vendee.

[1]Reported in 118 Pac. 886.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 4, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*Hayden & Langhorne*, for appellant.

*Cassius E. Gates*, for respondent.

CROW, J.—Action by Sumner Iron Works, a corporation, against Winkleman Lumber Company, a corporation, to recover the purchase price of machinery sold.   From a judgment in plaintiff's favor, the defendant has appealed.

The only issue presented is whether the sale was made to appellant or to Central Mill Company, another corporation. The Sumner Iron Works has its principal headquarters at Everett, Washington.   The Winkleman Lumber Company and the Central Mill Company are located at Tacoma, where they occupy the same business office.   One Ray Winkleman is president and treasurer of the Winkleman Lumber Company and also vice president and treasurer of the Central Mill Company.   Respondent's manager testified that the sale was made in April, 1910, to the Winkleman Lumber Company, through Ray Winkleman, who was then at Everett, Washington; that Ray Winkleman ordered the shipment made to the Central Mill Company at Tacoma; that it was then agreed that a partial payment of $300 should be made in advance; that on April 21, 1910, the Winkleman Lumber Company wrote respondent asking the cause of a delay in shipment; that respondent, answering by letter, stated the shipment would be made when the advance payment was received; that Winkleman Lumber Company forthwith remitted its check for $300; that shipment was then made to the Central Mill Company as directed; that the remainder of the purchase price was then charged to the Winkleman Lumber Company; and that respondent never knew the Central Mill Company as purchaser.

A number of letters were admitted in evidence, some of

them between respondent and the Winkleman Lumber Com-
pany, and others between respondent and the Central Mill
Company. The former indicate a sale from respondent to
the Winkleman Lumber Company, while the latter indicate
a sale to the Central Mill Company. Appellant's president,
Ray Winkleman, testified the sale was made to Central Mill
Company; that it and the Winkleman Lumber Company
occupied the same office and employed the same stenographer,
who occasionally made mistakes in mixing their correspond-
ence, and that the advance payment of. $300 was inadvert-
ently made and remitted by the Winkleman Lumber Com-
pany while Ray Winkleman was absent from Tacoma. The
evidence, both written and oral, was conflicting. Respond-
ent's manager positively testified that the sale was made to
appellant. Ray Winkleman as positively testified to the
contrary. Portions of the correspondence and the advance
payment of $300 sustain respondent's contention. Other
portions of the correspondence and the manner of shipment
tend to sustain that of appellant. The trial court saw the
witnesses, heard them testify, passed upon their credibility,
and found the sale was made to appellant. We cannot dis-
turb this finding.

It is apparent that the business affairs of appellant and
Central Mill Company have in some manner become confused
and intermingled. Appellant concedes it paid respondent
$300 on the purchase price, but fails to show that, at any
time prior to the commencement of this action, it advised re-
spondent of its alleged mistake in so doing. It knew re-
spondent charged it with the remainder of the purchase
price, and was demanding payment accordingly. Appel-
lant's president, Ray Winkleman, on cross-examination, tes-
tified as follows:

"Q. You got a statement of this account made out to the
Winkleman Lumber Company right along? A. I don't know
as to that. Q. You cannot remember any particular time
when you told Mr. Sumner [respondent's manager] that

this should have been charged to the Central Mill Company? A. Except the time they brought suit.   Q. I mean prior to the bringing of the suit?   A. No, sir.   Q. Prior to November?   A. No, sir.   Q. Who sent the three hundred dollar check?   A. That check was sent when I was in the east. Q. That was a Winkleman Lumber Company check?   A. Yes, sir; I will tell you about that.   I was treasurer of the Winkleman Lumber Company and the Central Mill Company, and I handled the finances of both companies through one company up to September 23rd."

.Appellant now contends that the mistake in writing letters and making the remittance in its name was made by a lady stenographer employed by both companies, but she did not sign the check.   It was signed by one I. Winkleman, who was not produced as a witness and whose absence was not explained.   There is no suggestion that a claim against the Central Mill Company would not be just as valuable as a like claim against appellant.   Nor is there any apparent motive which would induce respondent to seek a recovery from the wrong corporation.   Some question is raised as to an item of $12 for a pulley which appellant contends was purchased by the Central Mill Company, but our conclusion from all the evidence is that it was intended for use in operating the machinery sold to appellant.   If there has been any confusion of appellant's accounts with those of the Central Mill Company, such confusion has resulted from appellant's carelessness, for which respondent cannot be held responsible.

The findings of the trial court are sustained, and the judgment is affirmed.

DUNBAR, C. J., ELLIS, and MORRIS, JJ., concur.